IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(WESTERN DIVISION)

| | | |
|---|---|---|
| JYMERIA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number: |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANSUNION LLC, | ) ) ) | _____ **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Jymeria Jackson ("Ms. Jackson" or "Plaintiff"), and with knowledge as to her own acts, upon information and belief and investigation of counsel as to the acts of others, believing such allegations have evidentiary support after a reasonable opportunity for further investigation or discovery alleges as follows:

PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against Defendants Experian Information Solutions, Inc. and TransUnion LLC.

1

2. Congress, when it enacted the FCRA in 1970, mandated the existence and use of reasonable procedures to assure the maximum accuracy of the personal and financial information concerning consumers compiled and sold to users by consumer reporting agencies ("CRAs").

3. On December 4, 2003, President George W. Bush signed into law the Fair and Accurate Credit Transactions Act ("FACTA").

> This legislation gives consumers unprecedented tools to fight identity theft and continued access to the most dynamic credit markets in the world. With a free credit report and powerful new tools to fight fraud, consumers have the ability to better protect themselves and their families.[1]

4. The stated purpose of FACTA is "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make improvements in the use of, and consumer access to, credit information, and for other purposes."[2]

5. Toward this end, Congress provided "powerful new tools" to consumers, including the right to dispute information due to fraud, obtain free credit reports due to identity theft and the right to request the truncation of Social Security numbers on consumer disclosures (commonly referred to as credit reports).

---

[1] http://georgewbush-whitehouse.archives.gov/news/releases/2003/12/20031204-3.html as of November 30, 2016.

[2] Pub. L. No. 108-159 (2003)  http://www.gpo.gov/fdsys/pkg/PLAW-108publ159/pdf/PLAW-108publ159.pdf  as of November 30, 2016.

6. FACTA also imposes additional duties on consumer reporting agencies to repair the damage done to identity theft victims' credit files by blocking information that is the result of identity theft.

## JURISDICTION & VENUE

7. This Court has jurisdiction of this action for violations of the Fair Credit Reporting Act pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8. Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c).

9. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and conducts substantial and regular business activities in this judicial district.

10. Defendant TransUnion LLC ("Trans Union") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and conducts substantial and regular business activities in this judicial district.

11. Experian and Trans Union are referred to throughout collectively as "Defendants."

## FACTUAL ALLEGATIONS

12. Plaintiff is a victim of identity theft.

13. An impostor used Plaintiff's personal identifying information to apply for and open accounts without Plaintiff's authorization or consent.

14. The imposter opened fraudulent accounts with creditors, including

KIA Motor Finance, The Retreat at Lake Tamaha, and possibly others.

15. Plaintiff reported the fraud to the Tuscaloosa Police Department.

16. The Tuscaloosa Police Department categorized the type of incident or offense as "Identity Theft."

17. Defendants have been reporting the false derogatory and inaccurate information relating to Plaintiff and Plaintiff's credit history and inquiries to third parties (hereinafter the "false information").

18. The false information includes accounts, inquiries and personal identifying information that do not belong to Plaintiff.

19. The false information includes, but is not limited to, accounts with KIA Motors Finance (hereinafter referred to as the "KIA account") and ProCollect, Inc. (a debt collector on behalf of The Retreat at Lake Tamaha)(hereinafter referred to as the ("ProCollect account").

20. The KIA account was reported by the Defendants with the trade line KIA Motors Finance as delinquent, $23,518 past due and the status "$23,518 written off" or "Charged Off."

21. The ProCollect account was reported by at least one of the Defendants with the trade line ProCollect, Inc. and with the status "collection account" and "balance $7,681."

22. The balances, account ownership and payment history for the

accounts described in the preceding paragraphs are false because Plaintiff did not open the accounts with KIA Motor Finance or The Retreat at Lake Tamaha.

23. An impostor opened the accounts KIA and The Retreat at Lake Tamaha.

24. The false information includes inquiries that were not authorized by Plaintiff.

25. The false inquiries include, but are not limited to, Regions Bank, Carlock of Tuscaloosa, KIA Motor Finance, The Credit Union Loan Source, JPMorgan Chase Bank, Realpage Landmark Properties, TD Auto Finance, Ally Financial, Hyundai Capital, NCCINC/VW of Tuscaloosa and Saferent.

26. Defendants provided the false information to third parties.

27. The false information negatively reflects on Plaintiff, her credit history, credit worthiness, and her financial responsibility as a debtor.

28. Experian prepared and issued credit reports concerning Plaintiff that include the false information. No less than six (6) times, Plaintiff notified Experian that she disputed the accuracy of the information Experian was reporting. Experian continued to report false information. On at least one occasion and despite receipt of additional relevant information that was not presented when Plaintiff previously disputed the information, Experian refused to reinvestigate Plaintiff's dispute. Plaintiff asked Experian to provide her with the steps it

undertook while reinvestigating the disputed information. On at least one occasion, Experian failed to provide Plaintiff with the steps it undertook pertaining to the reinvestigation of disputed information. On at least one occasion, Experian provided Plaintiff's credit report to a third party without a permissible purpose.

29.   Trans Union prepared and issued credit reports concerning Plaintiff that include the false information. No less than six (6) times, Plaintiff notified Trans Union that she disputed the accuracy of the information Trans Union was reporting. Trans Union continued to report false information. On at least one occasion, Trans Union did not provide the results of its reinvestigation or reinvestigate Plaintiff's dispute, or both. Plaintiff asked Trans Union to provide her with the steps it undertook while reinvestigating the disputed information. On at least one occasion, Trans Union failed to provide Plaintiff with the steps it undertook pertaining to the reinvestigation of disputed information. Plaintiff requested Trans Union to provide her with a copy of her file. On at least one occasion, Trans Union failed to provide Plaintiff with her consumer disclosure. Plaintiff requested her file from Trans Union due to fraud. On at least one occasion, Trans Union failed to provide Plaintiff with her consumer disclosure despite Plaintiff having a fraud alert on her Trans Union file. On at least one occasion, Plaintiff notified Trans Union that she was a victim of fraud. On at least one occasion, Trans Union failed to add a fraud alert to her file, notify other

consumer reporting agencies of the fraud alert or provide Plaintiff with her file within three (3) business days of her request. Plaintiff provided Trans Union with an identity theft report and requested her consumer disclosure. Plaintiff asked Trans Union to add a consumer statement to her file. On at least one occasion, Trans Union failed to add a consumer statement to Plaintiff's file.

30. Because of Defendants' failure to comply with the requirements of the FCRA, Ms. Jackson suffered and continues to suffer actual damages, including economic loss, credit denials, lost opportunity to receive credit, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, out of pocket expenses, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

FIRST CLAIM FOR RELIEF
(against Experian)
(Negligent Noncompliance with FCRA)

31. Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

32. Experian negligently failed to comply with the requirements of the FCRA.

33. Because of Experian's failure to comply with the requirements of the FCRA, Ms. Jackson suffered actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, reduction in credit score,

unfavorable insurance terms, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

34. Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681o(a).

SECOND CLAIM FOR RELIEF
(against Experian)
(Willful Noncompliance with FCRA)

35. Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

36. Experian willfully failed to comply with the requirements of the FCRA.

37. Because of Experian's failure to comply with the requirements of the FCRA, Ms. Jackson suffered actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, reduction in credit score, unfavorable insurance terms, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

38. Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

39. Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681n(a).

THIRD CLAIM FOR RELIEF
(against Trans Union)

(Negligent Noncompliance with FCRA)

40. Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

41. Trans Union negligently failed to comply with the requirements of the FCRA.

42. Because of Trans Union's failure to comply with the requirements of the FCRA, Ms. Jackson suffered and continues to suffer actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, reduction in credit score, unfavorable insurance terms, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

43. Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681o(a).

FOURTH CLAIM FOR RELIEF
(against Trans Union)
(Willful Noncompliance with FCRA)

44. Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

45. Trans Union willfully failed to comply with the requirements of the FCRA.

46. Because of Trans Union's failure to comply with the requirements of the FCRA, Ms. Jackson suffered and continues to suffer actual damages, including

economic loss, lost opportunity to receive credit, damage to reputation, reduction in credit score, unfavorable insurance terms, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

47.  Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681n(a).

48.  Plaintiff requests a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff seeks judgment against Defendants, as follows:

On the First Claim for Relief:

1.  Actual damages to be determined by the jury;

2.  Attorney's fees;

3.  Costs and expenses incurred in the action;

On the Second Claim for Relief:

1.  Actual damages to be determined by the jury;

2.  Statutory and punitive damages to be determined by the jury;

3.  Attorney's fees; and

4.  Costs and expenses incurred in the action.

On the Third Claim for Relief:

1.  Actual damages to be determined by the jury;

2.   Attorney's fees;

3.   Costs and expenses incurred in the action;

On the Fourth Claim for Relief:

1.   Actual damages to be determined by the jury;

2.   Statutory and punitive damages to be determined by the jury;

3.   Attorney's fees; and

4.   Costs and expenses incurred in the action.

**<u>PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS</u>**

Respectfully submitted,

***<u>/s/ Micah S. Adkins</u>***
Micah S. Adkins (ASB-8639-I48A)
THE ADKINS FIRM, P.C.
301 19th Street North, Suite 581
Birmingham, Alabama 35203
Telephone:  205-206-6718
Facsimile:  205-208-9632
Email: MicahAdkins@ItsYourCreditReport.com
*Representing Plaintiff*